FILED
NOV 20 2007
Nov. 20, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER SPARKS<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CHICAGO, and CHICAGO POLICE OFFICERS M. MULDOON (#17658) and P. BURG (#8204),<br><br>Defendants. | 07CV 6562<br>JUDGE PALLMEYER<br>MAGISTRATE JUDGE BROWN<br><br>Magistrate Judge |

### COMPLAINT AND JURY DEMAND

Now comes Plaintiff, CHRISTOPHER SPARKS, ("Plaintiff"), by and through one of his attorneys, Tony Thedford, and complains of defendants, CITY OF CHICAGO ("Defendant City") and CHICAGO POLICE OFFICERS M. MULDOON and P. BURG ("Defendant Officers") as follows:

### JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution and by the laws of Illinois.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. '' 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. ' 1391(b) since the events giving rise to the claims asserted in this complaint occurred within this judicial district.

1

## **FACTS COMMON TO ALL COUNTS**

4. Plaintiff Christopher Sparks is a twenty-four-year-old African American resident of the City of Chicago, Illinois.

5. Defendant Officers are or were police officers employed by the Department of Police of the City of Chicago, and at all relevant times, were acting under color of law and within the scope of their employment.

6. Defendant City is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.

7. On or about November 20, 2005, in the City of Chicago, Illinois, Plaintiff was driving his vehicle near the vicinity of 8525 South Kedzie.

8. At approximately 2:35 a.m., Defendant Officers activated their emergency lights and pulled Plaintiff over without any legal justification.

9. Without legal justification, Defendant Officers ordered Plaintiff out of the car and then subjected both him and his vehicle to an unlawful search.

10. Without probable cause, Defendant Officers willfully and wantonly caused Plaintiff to be charged with a felony offense.

11. After defending the case for 10 months, Plaintiff Sparks was ultimately tried and acquitted of all charges against him.

12. Plaintiff has suffered financial and emotional damages as a result of the unlawful conduct of defendants including time in custody, emotional and financial damages resulting from having to defend against the false

charges Defendant Officers placed against him, and the severe disruption of his educational and vocational plans.

### Count I – §1983 False Arrest Against Defendant Officers

13. Plaintiff re-alleges paragraphs 1 through 12 as if fully re-pleaded here.

14. Defendant Officers, as more fully alleged above, unlawfully seized Plaintiff and ultimately arrested him without probable cause, a warrant, or any other legal justification. This misconduct by Defendant Officers' violated Plaintiff's rights as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States.

15. As a direct and proximate result of Defendant Officers' misconduct, Plaintiff has suffered extensive damages, including but not limited to emotional and financial losses, and other out of pocket damages which will be proven at trial.

WHEREFORE, Plaintiff seeks judgment against Defendant Officers in a fair and just amount sufficient to compensate him for the injuries he has suffered, plus a substantial sum in punitive damages against each Defendant Officer, as well as, costs, reasonable attorney fees, and any and all such other relief as this Court finds just and equitable.

### Count II – §1983 Conspiracy Against Defendant Officers

16. Plaintiff re-alleges paragraphs 1 through 12 as if fully re-pleaded here.

17. Defendant Officers, individually and together, agreed and conspired to deprive Plaintiff of his rights as secured by the Fourth Amendment of the United States Constitution.

18. As a direct and proximate result of this conspiracy, Plaintiff suffered extensive damages including time spent in custody, emotional losses, and other out-of-pocket damages to be proven at trial.

WHEREFORE, Plaintiff seeks judgment against Defendant Officers in a fair and just amount sufficient to compensate him for the injuries he has suffered, plus a substantial sum in punitive damages against each Defendant Officer, as well as, costs, reasonable attorney fees, and any and all such other relief as this Court finds just and equitable.

### Count III – Municipal Liability

19. Plaintiff adopts and re-alleges paragraphs 1-12 as if fully re-pleaded here.
20. The misconduct described in the preceding two counts of this complaint was undertaken pursuant to the policy and practice of Defendant City in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff;

   c. As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department violate the constitutional rights of citizens in a manner similar to that alleged by Plaintiff, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   d. Municipal policy-makers are aware of, condone and facilitate by their inaction, a practice by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

  e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding counts, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

  f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years' old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career; and

  g. As a matter of express policy, the City of Chicago does not consider patterns of civil rights allegations when evaluating the merits of any particular complaint.

21. As a direct and proximate result of Defendant City's unconstitutional policy or practice, Plaintiff suffered extensive emotional and financial damages, including time spent in custody, and other out of pocket losses which will be proven at trial.

WHEREFORE, Plaintiff seeks judgment against Defendant City in an amount reasonable to compensate Plaintiff, in addition to costs, attorney's fees, and such other relief as is just and equitable.

### Count IV – Malicious Prosecution Against All Defendants

22. Plaintiff re-alleges paragraphs 1 through 12 as if fully re-pleaded here.

23. As more fully stated above, Defendant Officers willfully and wantonly instituted false criminal charges against Plaintiff without probable cause and with knowledge that these charges were false.

24. Defendant Officers also ensured the continuance of these proceedings by conveying false information to prosecutors, and knowingly creating false police reports regarding Plaintiff's arrest.

25. As a result of Defendant Officers' misconduct, Plaintiff was compelled to hire an attorney and defend his innocence in the Circuit Court of Cook County for approximately 10 months, and ultimately had to proceed to a trial.

26. Ultimately, Plaintiff was acquitted of all charges against him, thereby fully and finally terminating the case in his favor.

27. As a direct and proximate result of Defendant Officers' illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

28. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

29. At all relevant times, Defendant Officers were agents of Defendant City and acting within the scope of their employment as Chicago Police Officers. Defendant City, therefore, is liable as principal for all torts committed by Defendant Officers.

WHEREFORE, Plaintiff seeks judgment against all Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, as well as, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

**Count V – False Imprisonment Against All Defendants**

30. Plaintiff re-alleges paragraphs 1 through 12 as if fully re-pleaded here.

31. As more fully alleged above, Defendant Officers willfully and wantonly falsely imprisoned Plaintiff without a warrant or any other lawful justification, and without probable cause.

32. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including time spent in custody and resulting emotional damages, out-of-pocket costs, and other damages which will be proven at trial.

33. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

34. At all relevant times, Defendant Officers were agents of Defendant City and acting within the scope of their employment as Chicago Police Officers. Defendant City, therefore, is liable as principal for all torts committed by Defendant Officers.

WHEREFORE, Plaintiff seeks judgment against all Defendants in a fair and just amount sufficient to compensate him for the injuries he suffered, as well as, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

                    CHRISTOPHER SPARKS
                    Plaintiff,

By: _____
     His Attorney
     Tony Thedford

Law Office of Tony Thedford
6133 South Ellis
Chicago, IL 60637
(773) 752-6950
ATTY NO. 6239316