IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SPARKS, | ) | |
| | ) | No. 07 C 6562 |
| Plaintiff, | ) | |
| v. | ) | Judge Pallmeyer |
| | ) | |
| CITY OF CHICAGO, and CHICAGO | ) | Magistrate Judge Brown |
| POLICE OFFICERS M. MULDOON | ) | |
| (#17658) and P. BURG (#8204), | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF CHICAGO'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the

City, for its Answers to plaintiff's complaint, states as follows:

## JURISDICTION & VENUE

1.      This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs [sic] rights as secured by the United States Constitution and by the laws of Illinois.

**ANSWER:** Defendant City admits that plaintiff purports to bring Counts I and II of the

complaint pursuant to 42 U.S.C. Section 1983 to redress the alleged deprivation under color of

law of plaintiff's rights as secured by the United States Constitution and by the laws of Illinois.

Defendant City denies the remaining allegations in this paragraph.

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C.' ' [sic] 1331, 1343 and 1367.

**ANSWER:** Defendant City admits that the allegations in this paragraph.

3.      Venue is proper under 28 U.S.C. ' [sic] 1391(b) since the events giving rise to the claims asserted in this complaint occurred within this judicial district.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

## FACTS COMMON TO ALL COUNTS

4.     Plaintiff Christopher Sparks is a twenty-four-year-old African American resident of the City of Chicago, Illinois.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.     Defendant Officers are or were police officers employed by the Department of Police of the City of Chicago, and at all relevant times, were acting under color of law and within the scope of their employment.

**ANSWER:** Defendant City admits, upon information and belief, based upon Chicago Police Department records, that defendant Officers, on November 20, 2005, were police officers employed by the City of Chicago and were acting under color of law and within the scope of their employment.  Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

6.     Defendant City is a municipal corporation, duly incorporated under the laws of the State of Illinois,  and is the employer and principal of Defendant Officers.

**ANSWER:** Defendant City admits it is a municipal corporation, duly incorporated under the laws of the State of Illinois, and that it employs the defendant Officers.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

7.     On or about November 20, 2005, in the City of Chicago, Illinois, Plaintiff was driving his vehicle near the vicinity of 8525 South Kedzie.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8.      At approximately 2:35 a.m., Defendant Officers activated their emergency lights and pulled Plaintiff over without any legal justification.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.      Without legal justification, Defendant Officers ordered Plaintiff out of the car and then subjected both him and his vehicle to an unlawful search.

**ANSWER:** Upon information and belief, based upon Chicago Police Department records, Defendant City admits that the defendant Officers ordered plaintiff out of a vehicle.  Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

10.      Without probable cause, Defendant Officers willfully and wantonly caused Plaintiff to be charged with a felony offense.

**ANSWER:** Upon information and belief, based upon Chicago Police Department records, Defendant City admits that the defendant Officers charged plaintiff with a felony offense. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

11.      After defending the case for 10 months, Plaintiff Sparks was ultimately tried and acquitted of all charges against him.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.      Plaintiff has suffered financial and emotional damages as a result of the unlawful conduct of defendants including time in custody, emotional and financial damages resulting from

having to defend against the false charges Defendant Officers placed against him, and the severe disruption of his educational and vocational plans.

**ANSWER:** Defendant City denies the allegations in this paragraph to the extent that they pertain to the City.  Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

### Count I - § 1983 False Arrest Against Defendant Officers

Defendant City is not named as a defendant in Count I and the allegations in Count I are not incorporated by reference in any other count of the complaint.  Therefore, Defendant City need not and does not respond to the allegations in Count I.

### Count II - § 1983 Conspiracy Against Defendant Officers

Defendant City is not named as a defendant in Count II and the allegations in Count II are not incorporated by reference in any other count of the complaint.  Therefore, Defendant City need not and does not respond to the allegations in Count II.

### Count III - Municipal Liability

19.     Plaintiff adopts and re-alleges paragraphs 1-12 as if fully re-pleaded here.

**ANSWER:** Defendant City adopts and re-alleges paragraphs 1-12 as if fully re-pleaded here.

20.     The misconduct described in the preceding two counts of this complaint was undertaken pursuant to the policy and practice of Defendant City in that:

  a.     As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

  b.     As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby

leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff;

c.   As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department violate the constitutional rights of citizens in a manner similar to that alleged by Plaintiff, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.   Municipal policy-makers are aware of, condone and facilitate by their inaction, a practice by which officers  fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

e.   The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding counts, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.   As a matter of express policy, the City of Chicago does not retain any records which are more than five years' [sic] old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career; and

g.   As a matter of express policy, the City of Chicago does not consider patterns of civil rights allegations when evaluating the merits of any particular complaint.

**ANSWER:** Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegation in subpart c. that "the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases[.]" Defendant City denies the remaining allegations in this paragraph and its sub-parts.

21.   As a direct and proximate result of Defendant City's unconstitutional policy or practice, Plaintiff suffered extensive emotional and financial damages, including time spent in custody, and other out of pocket losses which will be proven at trial.

**ANSWER:**  Defendant City denies that it has the policy and practice alleged in this paragraph. Defendant City further denies that plaintiff's alleged emotional and financial damages were a

direct and proximate result of a City policy or practice.  Defendant City lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this

paragraph.

WHEREFORE, defendant City of Chicago prays that this Court enter judgment in its

favor on plaintiff's complaint, award defendant City such costs and fees as allowed by law, and

grant such further relief as this Court deems just and proper.

### Count IV - Malicious Prosecution Against All Defendants

22.     Plaintiff re-alleges paragraphs 1 through 12 as if fully re-pleaded here.

**ANSWER:** Defendant City re-alleges paragraphs 1 through 12 as if fully re-pleaded here.

23.     As more fully stated above, Defendant Officers willfully and wantonly instituted
false criminal charges against Plaintiff without probable cause and with knowledge that these
charges were false.

**ANSWER:**  Defendant City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

24.     Defendant Officers also ensured the continuance of these proceedings by
conveying false information to prosecutors, and knowingly creating false police reports regarding
Plaintiff's arrest.

**ANSWER:**  Defendant City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

25.     As a result of Defendant Officers' misconduct, Plaintiff was compelled to hire an
attorney and defend his innocence in the Circuit Court of Cook County for approximately 10
months, and ultimately had to proceed to a trial.

**ANSWER:**  Defendant City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

26.     Ultimately, Plaintiff was acquitted of all charges against him, thereby fully and finally terminating the case in his favor.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

27.     As a direct and proximate result of Defendant Officers' illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**  Defendant City lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

28.     Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:** Defendant City states that the allegation that "public entities, such as Defendant

City, are directed to pay any compensatory damages on a tort judgment against an employee who

was acting within the scope of his or her employment[,]" is a vague, incomplete and/or

inaccurate statement of Defendant City's liability under Illinois law; therefore, this allegation is

denied.

29.     At all relevant times, Defendant Officers were agents of Defendant City and acting within the scope of their employment as Chicago Police Officers. Defendant City, therefore, is liable as principal for all torts committed by Defendant Officers.

**ANSWER:**  Defendant City admits, upon information and belief, based upon Chicago Police

Department records, that the named Defendant Officers were acting within the scope of their

employment as Chicago Police Officers when they arrested plaintiff on November 20, 2005.

Defendant City states that the allegation that it is liable as principal for all torts committed by

Defendant Officers is a vague, incomplete and/or incorrect statement of the nature of the City's

liability under the doctrine of *respondeat superior* under Illinois law; therefore, this allegation is denied. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

WHEREFORE, defendant City of Chicago prays that this Court enter judgment in its favor on plaintiff's complaint, award defendant City such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### Count V - False Imprisonment Against All Defendants

30.     Plaintiff re-alleges paragraphs 1 through 12 as if fully re-pleaded here.

**ANSWER:** Defendant City re-alleges paragraphs 1 through 12 as if fully re-pleaded here.

31.     As more fully alleged above, Defendant Officers willfully and wantonly falsely imprisoned Plaintiff without a warrant or any other lawful justification, and without probable cause.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

32.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including time spent in custody and resulting emotional damages, out-of-pocket costs, and other damages which will be proven at trial.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33.     Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:** Defendant City states that the allegation that "public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment[,]" is a vague, incomplete and/or

inaccurate statement of Defendant City's liability under Illinois law; therefore, this allegation is denied.

34.    At all relevant times, Defendant Officers were agents of Defendant City and acting within the scope of their employment as Chicago Police Officers. Defendant City, therefore, is liable as principal for all torts committed by Defendant Officers.

**ANSWER:** Defendant City admits, upon information and belief, based upon Chicago Police Department records, that the named Defendant Officers were agents of Defendant City and acting within the scope of their employment as Chicago Police Officers when they arrested plaintiff on November 20, 2005.  Defendant City states that the allegation that it is liable as principal for all torts committed by Defendant Officers is a vague, incomplete and/or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law; therefore, this allegation is denied.  Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

WHEREFORE, defendant City of Chicago prays that this Court enter judgment in its favor on plaintiff's complaint, award defendant City such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## JURY DEMAND

Defendant City of Chicago requests trial by jury.

## AFFIRMATIVE DEFENSES

1.    The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment.  745 ILCS 10/9-102 (2006).

2.      Defendant City is not liable to plaintiff if its employees or agents are not liable to plaintiff.  745 ILCS 10/2-109 (2006).

3.      To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct.  745 ILCS 10/2-202 (2006).

4.      Defendant City is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2006).

5.      Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of discretion even though abused.  745 ILCS 10/2-201 (2006).

6.      Plaintiff has a duty to mitigate his damages, and any damages awarded to plaintiff must be reduced by an amount by which the damages could have been lessened by plaintiff's failure to take reasonable action to minimize those damages.

**DATED:  MARCH 4, 2008**                          Respectfully submitted,

                                                    MARA S. GEORGES
                                                    Corporation Counsel
                                                    of the City of Chicago

                                          BY        *s/ Peter Ahmadian*
                                                    PETER AHMADIAN
                                                    Assistant Corporation Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-0898
Attorney No. 6280776